ENOCH MORGAN'S SONS' COMPANY, Appellant, *v.* GEORGE
WALDO SMITH et al., Respondents.

(Argued March 7, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
entered upon an order made December 2, 1889, which affirmed
a judgment in favor of defendants entered upon a verdict.

The following is the opinion in full:

"This appeal presents the question of the sufficiency of
proof to establish a counter-claim asserted by the defendants
against the plaintiff.

"The counter-claim arose upon the alleged performance of a
contract between the parties, which was contained in a letter
addressed by the plaintiff to the defendants, the material part
of which is as follows:

'NEW YORK, *April* 23, 1887.

'Messrs. SMITH & SILLS:

'GENTLEMEN — Your purchase of Sapolio during the year
1886 were equivalent to eight hundred and ninety cases of
one-half gross each. In order to more fully interest you and
encourage a larger sale, we will pay you   *   *   *   one dollar
for each half-gross case, and fifty cents for each quarter-gross
case, you may purchase for direct shipment during the year
1887 in excess of the number of cases mentioned above, pro-
vided you sign and strictly adhere to the terms of the enclosed
agreement, and provided, also, that your purchases are only
for your legitimate wants in the ordinary course of your deal-
ings with the retail trade.

'Yours truly,

'ENOCH MORGAN'S SONS' CO.'

"The agreement referred to, and which was signed by the
defendants, provided that they would not sell, nor allow any
of their employes to sell, any of the sapolio for less than $4.50
per case for half-gross cases and $2.25 per case for quarter-
gross cases, and that they would not, upon sales of such article,
give longer time or greater discount for cash than generally
allowed by them on other goods.

" The reply, by appropriate allegations, put in issue the performance of the contract, and it was, therefore, incumbent upon the defendants to establish its performance on their part.

" This they assumed to do, and upon the close of their evidence the plaintiffs moved to dismiss the counter-claim on the ground that they had failed to show compliance with the condition of the agreement sued on. This motion was denied, and the exception taken presents the question for review.

" We are of the opinion that this ruling was erroneous. There was no waiver of the condition of the contract by the plaintiffs in the pleadings or upon the trial and the defendants could not recover without proving full performance of the contract on their part.

" It is not every sale of a case of sapolio that would entitle them to receive from plaintiffs the sum specified.

" To entitle them to recover it was essential to prove a purchase from plaintiffs made necessary by their wants in the course of their dealing with the retail trade and a sale thereof for a price not less than that specified either for cash or upon terms of credit generally allowed by them upon the sale of other goods.

" The proof failed to show a compliance with their condition. It warranted the conclusion that defendants had purchased from plaintiffs five hundred and eight one-half gross cases in excess of the quantity purchased in 1886, and that the same had been sold in their ordinary dealings with the retail trade. But nothing more. There was no evidence as to the price at which the goods were sold or as to the terms of the sales.

" These were matters essential to their right to recover and without some evidence upon them no cause of action was established.

" The respondent refers us to two letters written by defendants to the plaintiff, forming a part of the correspondence between the parties in relation to the performance of the contract. These letters contain statements to the effect that defendants had kept the contract in good faith and that they had sold all the sapolio at full price without reduction or rebate whatever.

"A party's own letter cannot be evidence in his own behalf of the facts therein stated when they are not part of the *res gestœ*. These letters were not, therefore, proof of the performance of the contract and had no other probative force than to show that the defendants claimed that they had performed the agreement.

"The facts in reference to the sales were necessarily within the defendants' knowledge. They must have known who their customers were and the times and prices for which the sapolio was sold, and while we do not hold that it was essential for them to prove the details of every sale in order to make out their *prima facie* case, it was essential that the proof should be sufficient to enable the jury to determine as a fact that the sales were in accord with the terms of the contract.

"The judgment should be reversed and a new trial granted."

*Charles Steele* for appellant.

*James A. Seaman* for respondents.

BROWN, J., reads for reversal and a new trial.

All concur, except LANDON, J., dissenting, and VANN, J., not voting.

Judgment reversed.